UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHANIE THOMAS,

      Plaintiff,                                Case No.: 2:10-cv-563
                                                JUDGE GREGORY L. FROST
      v.                                        Magistrate Judge Mark R. Abel

CITY OF COLUMBUS PUBLIC
SAFETY, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 27) and Plaintiff's Motion of Response to Summary Judgment.[1] (ECF No. 32.) For the reasons that follow, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** Defendants' motion.

### I.  Background

Plaintiff alleges that Defendants, Columbus Police Officer Christopher Baily and the City of Columbus Department of Public Safety, violated her rights during an incident that occurred June 17, 2009. Plaintiff was traveling on Interstate 71 in the downtown area of Columbus, Ohio and attempted to exit on the Broad Street exit ramp. The traffic came to a stop, and Plaintiff contends that several cars were "trying to dish to get ahead of others." (ECF No. 3 at 3.) Plaintiff drove into the "berm" of the road and passed the stopped cars and those trying to "dish." *Id.*  When Plaintiff attempted to exit the berm of the road

---

[1]Although styled as a motion, this document is a memorandum in opposition, and the Court accepts it as such.

> an older white male in an old busted up hoopty dark vehicle aggressively turned to throw his vehicle past the 71 lane and Broad Street exit lane to end up all the way to the right berm lane I was trying to get out of.  That is when he would not move his vehicle.  When the other vehicles proceeded and he voyeuristically stared at me through his center mirror.  I beeped my horn at the loser to proceed after he stared in nonmovement in front of me for so long.

*Id.*  Plaintiff goes on to explain that the car with the white male in it would not allow her to pass so she "kept blowing the horn and finally the unmarked car moved and the white tow truck dished other cars in the 71 lane and drove up north not even getting off on the broad street exit which he had un humanistic gratification to play the block in game upon me." *Id.* at 6.

The white male to whom Plaintiff refers ultimately exited his car and went to Plaintiff's car and "slammed an object directly in my face that appeared to be a badge." *Id.* at 7.  Plaintiff claims that the white male was Officer Christopher Baily and that Officer Bailey shouted at her that she was under arrest.  She alleges that Officer Baily "cuffed and grabbed [her] violently with violating aggression and walked me with extreme rapid force to the other officer's car that my pants fell down to my knees in front of all the traffic." *Id.*  Plaintiff further claims that Officer Baily used a "predatorial psychotic stare" toward her and that after that she "stated to him 'don't try to think you can manipulatively bribe or intimidate me you worthless old perverted sissy as abomination because I am going to tell the judge about the violative unethical conduct you did.' " *Id.*  Plaintiff alleges that in response, Officer Baily made "numerous false, fabricated, and perjured defamatory charges [against her]." *Id.*  Further, she claims that Officer "<u>Baily is a lying joke who Arrested [her] for beeping my horn and not giving him a complement to make him feel socially acceptable to someone of [her] age level.</u>" *Id.* at 8 (emphases in original).

Plaintiff does not dispute Defendants' contention that she was arrested and charged with Aggravated Menacing under Ohio Revised Code § 2903.21 and Reckless Operation of Motor

Vehicle in Willful and Wanton Disregard of Safety, Ohio Revised Code § 2133.02(B) and that she went to trial on the charges on September 24, 2009.  Nor does Plaintiff dispute that she was found guilty of Reckless Operation of a Motor Vehicle in Willful and Wanton Disregard of Safety and not guilty of the Aggravated Menacing charge.

Plaintiff appealed her conviction to the Tenth District Court of Appeals, which affirmed the conviction.  She then appealed that decision to the Ohio Supreme Court, which dismissed the appeal on September 29, 2010.  Plaintiff filed for reconsideration of that dismissal, which was denied December 1, 2010.

## II.  Standard

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case.  *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).  "The evidence of the nonmovant is to be believed,

and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie Power Prods., Inc.*, 328 F.3d at 873 (quoting *Anderson*, 477 U.S. at 248). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

### III. Discussion

On her civil cover sheet and in her memorandum in opposition to Defendants' Motion for Summary Judgment, Plaintiff alleges claims for defamation, malicious prosecution, fraud, and false arrest. Defendants have not addressed Plaintiff's claims for defamation, fraud, and false arrest nor have they moved for leave to supplement their motion for summary judgment to address those purported claims. Instead, Defendants have moved for summary judgment on Plaintiff's claim for malicious prosecution and for a non-existent claim of excessive force.[2] Thus, the Court **DENIES AS MOOT** Defendants' request for summary judgment on that non-existent claim.

As to the claim on which Defendants move for summary judgment, the United States

---

[2]Defendants move for summary judgment on an excessive force claim that they indicate they thought Plaintiff may be alleging. Plaintiff, however, has indicated that she is not alleging such a claim. (ECF No. 32.)

Supreme Court has stated that "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (citations omitted).  Here, Plaintiff was found guilty of the crime Reckless Operation of a Motor Vehicle in Willful and Wanton Disregard of Safety.

Further, the Sixth Circuit recognizes that to establish a malicious prosecution claim under Section 1983, "the plaintiff must show that, 'as a consequence of a legal proceeding,' the plaintiff suffered a 'deprivation of liberty,' as understood in our Fourth Amendment jurisprudence, apart from the initial seizure." *Sykes v. Anderson*, 625 F.3d 294 , 308-09 (6th Cir. 2010).  This Plaintiff has failed to do.  Nowhere in the complaint does Plaintiff allege that she was deprived of her liberty apart from the initial seizure.  Similarly, Plaintiff has presented no evidence in support of her memorandum in opposition to Defendants' Motion for Summary Judgment that shows she was deprived of her liberty apart from her initial seizure.

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment as it relates to Plaintiff's malicious prosecution claim.

### IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Summary Judgment as it relates to Plaintiff's malicious prosecution claim and **DENIES AS MOOT** Defendants' motion as it relates to the non-existent excessive force claim.  (ECF No. 27.) Plaintiff's claims for defamation, fraud, and false arrest were not addressed by Defendants' motion, and therefore, remain pending.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**