UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEPHANIE THOMAS,**

    **Plaintiff,**           Case No.: 2:10-cv-563
                     **JUDGE GREGORY L. FROST**
  **v.**                Magistrate Judge Mark R. Abel

**CITY OF COLUMBUS PUBLIC
SAFETY, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' motion for summary judgment (ECF No. 36) and Plaintiff's memorandum in opposition to Defendants' motion (ECF No. 38). For the reasons that follow, the Court **GRANTS** Defendants' motion.

### I.  Background

Plaintiff alleges that Defendants, Columbus Police Officer Christopher Baily and the City of Columbus Department of Public Safety, violated her rights during an incident that occurred June 17, 2009. Plaintiff was traveling on Interstate 71 in the downtown area of Columbus, Ohio and attempted to exit on the Broad Street exit ramp. The traffic came to a stop, and Plaintiff contends that several cars were "trying to dish to get ahead of others." (ECF No. 3 at 3.) Plaintiff drove into the "berm" of the road and passed the stopped cars and those trying to "dish." *Id.* When Plaintiff attempted to exit the berm of the road

> an older white male in an old busted up hoopty dark vehicle aggressively turned to throw his vehicle past the 71 lane and Broad Street exit lane to end up all the way to the right berm lane I was trying to get out of. That is when he would not move his vehicle. When the other vehicles proceeded and he voyeuristically stared at me through his center mirror. I beeped my horn at the loser to proceed after he stared

1

in nonmovement in front of me for so long.

*Id.* Plaintiff goes on to explain that the car with the white male in it would not allow her to pass so she "kept blowing the horn and finally the unmarked car moved and the white tow truck dished other cars in the 71 lane and drove up north not even getting off on the broad street exit which he had un humanistic gratification to play the block in game upon me." *Id.* at 6.

The white male to whom Plaintiff refers ultimately exited his car and went to Plaintiff's car and "slammed an object directly in my face that appeared to be a badge." *Id.* at 7. Plaintiff claims that the white male was Officer Christopher Baily and that Officer Bailey shouted at her that she was under arrest. She alleges that Officer Baily "cuffed and grabbed [her] violently with violating aggression and walked me with extreme rapid force to the other officer's car that my pants fell down to my knees in front of all the traffic." *Id.* Plaintiff further claims that Officer Baily used a "predatorial psychotic stare" toward her and that after that she "stated to him 'don't try to think you can manipulatively bribe or intimidate me you worthless old perverted sissy as abomination because I am going to tell the judge about the violative unethical conduct you did.' " *Id.* Plaintiff alleges that in response, Officer Baily made "numerous false, fabricated, and perjured defamatory charges [against her]." *Id.* Further, she claims that Officer "<u>Baily is a lying joke who Arrested [her] for beeping [her] horn and not giving him a complement to make him feel socially acceptable to someone of [her] age level.</u>" *Id.* at 8 (emphases in original).

Plaintiff was arrested and charged with aggravated menacing under Ohio Revised Code § 2903.21 and reckless operation of a motor vehicle in willful and wanton disregard of safety under Ohio Revised Code § 2133.02(B), and that she went to trial on these charges on September 24, 2009. Plaintiff was found guilty of reckless operation of a motor vehicle in

willful and wanton disregard of safety and not guilty of aggravated menacing.

Plaintiff appealed her conviction to the Tenth District Court of Appeals, which affirmed the conviction. She then appealed that decision to the Ohio Supreme Court, which dismissed the appeal on September 29, 2010. Plaintiff filed for reconsideration of that dismissal, which was denied December 1, 2010.

On June 21, 2010, Plaintiff filed this action. On June 15, 2011, Defendants moved for summary judgment on Plaintiffs' malicious prosecution claim, which this Court granted. In that decision, the Court indicated that its review of Plaintiff's complaint revealed that she had also alleged claims for defamation, fraud, and false arrest. Plaintiff is proceeding without the assistance of counsel and, while her complaint is far from the model of clarity, her reiteration of her claims in her civil cover sheet and her memorandum in opposition to Defendants' motion for summary judgment prompted this Court to allow Defendants to supplement their motion for summary judgment to address those claims. Plaintiff has filed her memorandum in opposition to Defendants' supplemental motion for summary judgment.

## II.  Standard

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie Power Prods., Inc.*, 328 F.3d at 873 (quoting *Anderson*, 477 U.S. at 248). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

### III. Discussion

Plaintiff has alleged claims for defamation, false arrest, and fraud. Defendants move for summary judgment on each of Plaintiff's three claims.

**A. Defamation**

Defendants argue that they are entitled to summary judgment on Plaintiff's defamation claim whether Plaintiff intended to file that claim under 42 U.S.C. § 1983 ("Section 1983") or as

a state law tort.  This Court agrees.

Defamation is a false written (libel) or spoken (slander) publication, "made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession." *A & B-Abell Elevator Co., Inc. v. Columbus/Central Ohio Building & Construction Trades Council*, 73 Ohio St. 3d 1, 7 (Ohio 1995) (citations omitted).  As to a claim of defamation under Ohio law, "[i]n general, a police officer's allegedly defamatory statement made during the course of an investigation is at least protected by qualified privilege." *Brothers v. County of Summit*, No. 5:03-cv-1002, 2007 U.S. Dist. LEXIS 38468, *89 (N.D. Ohio May 25, 2007) (citing *Black v. Cleveland Police Dep't*, 96 Ohio App. 3d 84 (1994); *Davis v. Warrensville Heights*, No. 72722, 1998 WL 12337 (Ohio Ct. App. Jan. 15, 1998)).  "The essential elements of a qualified communication are good faith, an interest to be upheld, a statement limited in scope to this purpose, a proper occasion and publication in a proper manner and [to] the proper parties only." *Id.* at 89-90 (citations omitted).  The evidence before the Court shows that Officer Baily's statements are so privileged.

"In order to overcome the qualified privilege, appellant must prove, by clear and convincing evidence, that the statements in question were made with actual malice*.*" *Frigo v. UAW Local 549*, No. 04 CA 20, 2005 Ohio App. LEXIS 3641, *12 (citing *Jacobs v. Frank*, 60 Ohio St.3d 111, paragraph two of the syllabus (Ohio 1991)).  That is, there must be sufficient evidence to permit the conclusion that the defendant entertained serious doubts as to the truth of the publication.  *Id.* (citing *A & B-Abell Elevator Co.*, 73 Ohio St. 3d at 13).  There is no evidence in the record that Officer Baily made the statements in question with actual malice.

For a claim of defamation to be actionable under Section 1983, the defamation must "satisfy the 'stigma-plus' standard established by *Paul v. Davis*, which requires a plaintiff to demonstrate the infringement of 'some more tangible interest []' than reputation alone, 'such as employment.' 424 U.S. 693 (1976)." *Harris v. Detroit Pub. Sch.*, 245 F. App'x 437, 444 (6th Cir. 2007); *see also Fullmer v. Mich. Dep't of State Police*, 360 F.3d 579, 581 (6th Cir. 2004) ("Due process analysis is triggered only where the 'stigma of damage to a reputation is coupled with another interest, such as employment,' a requirement that has come to be known as the 'stigma-plus' test.") (citations omitted); *Quinn v. Shirey*, 293 F.3d 315, 319 (6th Cir. 2002) ("Some alteration of a right or status 'previously recognized by state law,' such as employment, must accompany the damage to reputation.") (citation omitted). Because Plaintiff here has not alleged the deprivation of a constitutionally protected right or interest, her defamation allegations do not rise to the level of a federal claim recognizable under Section 1983.

Consequently, the Court **GRANTS** Defendants' motion for summary judgment as it relates to Plaintiffs' defamation claim.

## B. False Arrest

In Ohio, false arrest is a detention "by reason of an asserted legal authority to enforce the processes of the law." *Evans v. Smith*, 97 Ohio App. 3d 59, 70 (Ohio Ct. App. 1994) (citing *Rogers v. Barbera*, 170 Ohio St. 241, 243 (1960) ("[a] suit for false arrest . . . is the proper action where the aggrieved party is arrested without legal process, or under a void process" ). A "claim for false arrest . . . requires proof that one was intentionally confined within a limited area, for any appreciable time, against his will and without lawful justification." *Id.* (citing *Feliciano v. Kreiger*, 50 Ohio St.2d 69 (1977)).

The Court finds that Defendants are entitled to summary judgment on Plaintiff's false arrest claim because Officer Baily had a lawful justification for detaining Plaintiff. Lawful justification is similar to probable cause, however, the two are not "fully synonymous as predicates for tort liability in Ohio." *McFinley v. Bethesda Oak Hosp.*, 79 Ohio App. 3d 613, 616 (Ohio Ct. App. 1992) ("On the surface, there may appear in logic to be some relationship between or overlap in the concepts of probable cause for the institution of a criminal prosecution and lawful justification for a detention or confinement."). "[T]he justification for detention, with respect to the tort[] of false arrest . . . , is to be measured primarily by two considerations: (1) whether the defendant was a person clothed in law with the authority to undertake a detention, and (2) whether the detention was accomplished pursuant to accepted legal procedures." *Id.* at 619. In the instant action, it is uncontroverted that Officer Baily was clothed in law with the authority to detain Plaintiff and the record is clear that Officer Baily called for additional law enforcement officers who assisted in arresting Plaintiff pursuant to accepted procedures.

Moreover, in the instant action, not only was there lawful justification to detain Plaintiff, there was also probable cause.[1]  *See Evans v. Smith*, 97 Ohio App. 3d 59, 69 (Ohio Ct. App. 1994) ("The issue of probable cause, which is ordinarily one of fact to be resolved at trial, may be determined as a matter of law upon a record that allows for only one reasonable conclusion."). Plaintiff was prosecuted for both of the crimes with which she was charged. Plaintiff's own sworn statements indicate that she was swerving her car in and out of traffic utilizing the berm of

---

[1]The Court notes that this finding of probable cause is another reason why the Court properly granted summary judgment to Defendants on Plaintiff's malicious prosecution claim. *See McFinley*, 79 Ohio App.3d at 616 ("In the case of a third tort, malicious prosecution (count four), success on the merits is predicated, *inter alia*, on a showing that criminal proceedings were undertaken in the absence of probable cause.").

the road, attempting to pass cars unlawfully on the berm of the road, blowing her horn, and yelling out her car window. Plaintiff continued to yell threats at the law enforcement officers at the scene of the incident. Officer Baily testified that Plaintiff threatened twice to kill him. The Court has reviewed the video showing Plaintiff after she was detained by the law enforcement officers, at which time she made numerous threats including threatening to kill one of the officers and admitting to that previous threat. Even when viewing all of the evidence before it in the light most favorable to Plaintiff, the Court finds that the only reasonable conclusion is that there was probable cause to arrest and to prosecute Plaintiff.

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment as it relates to Plaintiff's false arrest claim.

## C. Fraud

Defendants argue that they are entitled to summary judgment on Plaintiff's fraud claim because it is not properly pleaded. This Court agrees.

In order to state a claim for fraud under Ohio law,

> a plaintiff must allege (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Groob v. KeyBank*, 108 Ohio St. 3d 348, 357 (Ohio 2006) (citing *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54, 55 (Ohio 1987)). A plaintiff must meet the requirements of pleading with particularity set forth in Federal Rule of Civil Procedure 9(b).

In the case *sub judice*, Plaintiff's pleadings fall far short of alleging fraud with

8

particularity.  Consequently, Plaintiff's allegations of fraud fail to state a plausible claim.  Even if, however, Plaintiff had properly pleaded a claim for fraud, she has failed to raise any issue of material fact as to whether Defendants committed fraud against her.

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment as it relates to Plaintiff's fraud claim.

### IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' motion for summary judgment.  (ECF No. 36.)  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**